IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BYRON LEE GLASS, | ) | |
|     Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 3:08-CV-0701-P (BH) |
| | ) | ECF |
| NATHANIEL QUARTERMAN, Director, | ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal Justice, | ) | |
| Correctional Institutions Division, | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Petitioner is currently incarcerated in the Texas prison system. The Court received from inmate Jackie Lee Boyd, on Petitioner's behalf, an "Application for a Writ of Habeas Corpus Seeking Relief From Final Felony Conviction Under Code of Criminal Procedure, Article 11.07," challenging a denial of release to mandatory supervision.[1] The application was not signed by Petitioner, and he did not pay the filing fee or file an application to proceed *in forma pauperis* and a certificate of his inmate trust account.

On April 24, 2008, this Court issued a Notice of Deficiency and Order notifying Petitioner that he should pay the $5.00 filing fee or submit an application to proceed *in forma*

---

[1] The application was received from an inmate named Jackie Lee Boyd, who was incarcerated in the Michael Unit. The application stated that Petitioner was incarcerated in the Michael Unit. .

*pauperis* and a certificate of inmate trust account. Petitioner was also ordered to file an amended petition using this Court's form for filing a habeas action pursuant to 28 U.S.C. § 2254. Petitioner was granted thirty days from the date of the order to cure the deficiencies, and he was warned that the failure to do so would result in a recommendation that his petition be dismissed for failure to prosecute.

The April 24 Order, which was mailed to the Michael Unit, was returned as undeliverable on May 8, 2008, with a notation that Petitioner was incarcerated in the Clements Unit. The Order was re-mailed to Petitioner at the Clements Unit. Petitioner paid the filing fee on June 3, 2008; however, he has not filed an amended petition as ordered.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss *sua sponte* an action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner has failed to comply with the Order of April 24, 2008, that he file an amended habeas petition within thirty days. Accordingly, the Court should dismiss this action without prejudice for petitioner's failure to prosecute the action.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court dismiss the instant action without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

SIGNED this 12th day of June, 2008.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE